KENNON, Judge.
This case is before us on plaintiffs’ appeal from a judgment sustaining an exception of no cause or right of action. The petition sets forth that the defendant accepted plaintiffs’ offer to pay $1500.00 for the merchantable timber located on certain lands in Bossier Parish belonging to defendant; that a timber contract in accordance with this acceptance, together with a cashier’s check for $1500.00 was mailed to defendant at Mobile, Alabama; that defendant did not sign and return the contract but, on the contrary, advised plaintiffs that he did not intend to consúmate the sale. Alleging that defendant subsequently sold the timber for a price of $3100.00, and that plaintiffs were therefore deprived of a profit of $1600.00, petitioners prayed for a judgment against defendant for $1600.00 as damages for breach of the alleged contract of sale.
Attached to, and made a part of the petition, is a letter from1 one of the plaintiffs to the defendant dated June 6, 1949, in which defendant was offered $900.00 for the timber upon his described 'one hundred acre tract and $600.00 for the timber'oh an eighty acre tract. This letter concludes with the following paragraph: “If-you care to sell, let me know at once. T will send you a timber contract and a cashiers check for both tracts in the amount of fifteen hundred (1500) dollars. Please let me hear from you by return mail.”
•Defendant replied on June 14th (less salutation and signature) as follows:
“In reply to your letter of June 6, your offer seems to be in order for the timber on the two tracts of land. If you will prepare the timber contracts and send them to me so that I may look them' over, and if they are correct, I will sign them and return them to you.
“Please let me know in what bank you will deposit the money so that I can put the contracts in the Merchants National Bank Collection Department.”
Plaintiff’s reply to the above letter, dated June 18th, follows:
“Confirming your telephone conversation with my partner, Mr. C. B. Keith, relative to the purchase of the timber in Bossier Parish; 100 acres in Sec. 10, Twp. 19 N, R 11 W., and 80 acres in Sec. 33, Twp. 18 N., R. li W, Bossier Parish. I am enclosing herewith cashier’s check no. 38658 of the Bossier Bank and Trust Company in payment.
“Enclosed also is timber contract, to be signed by you, returning one copy to D. E. Stanley, Doyline, Louisiana.
“Thanking you for your prompt attention to the execution and return of the contract, I am, * *
There is no allegation in the petition that the timber contract mentioned in the three letters, and enclosed in'the June 18th letter, was ever signed by the defendant landowner.
Defendant’s contention before this Court is that the sale of'standing timber is the sale of an immovable and invalid, unless evidenced in writing.
Article 465 of the Civil Code and Dart’s Revised Statutes, 6548, LSA-RS 9:1103, provide that standing timber shall remain an immovable and be subject to the laws of the state on immovables. Article 2275 of the Civil Code provides that every transfer of immovable property must be in writing, the only exception to the rule being against a'party to the sale “who confesses it (the sale) ■ whe'n interrogated on oath, *658 provided actual delivery has been made of the immovable property thus sold.”
In the petition before us, there is no allegation that actual delivery of the timber was made to plaintiffs. The exchange of letters between, plaintiff and defendant indicated that defendant was satisfied with the amount of plaintiffs’ offer and that he intended to accept same. However, his acceptance was not an unqualified one in that he advised plaintiffs to prepare the timber contracts and send them to him at Mobile, Alabama, “so that I may look them over, etc.”
A reading of the petition and the attached letters does not show a written transfer of the growing timber described in the petition, and since there is no allegation that actual delivery was made to plaintiffs so as to bring the alleged transfer under the exception provided for by codal articles 2275 and 2440, it follows that the District Court correctly ruled that the'petition did not set forth a valid cause of action.
The judgment appealed from is affirmed, with costs.